IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KATHY BOOTHE,<br><br>      Plaintiff,<br>v.<br><br>DESERET MUTUAL BENEFIT ADMINISTRATORS, DESERET HEALTHCARE EMPLOYEE BENEFITS TRUST,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>Case No. 1:16-cv-00008-DN<br><br>District Judge David Nuffer |

Plaintiff has appealed[1] the Judgment filed Wednesday June 27, 2017, granting Defendants' Motion for Summary Judgment.[2] The notice of appeal was filed on Friday July 28, 2017.[3] Plaintiff filed a Motion for Extension of Time to File Notice of Appeal ("Motion") on August 26, 2017.[4] The Tenth Circuit Court of Appeals tolled the appeal pending the district court's ruling on the Motion.[5]

Under Fed. R. App. P. 4(b)(4), a showing of excusable neglect or good cause permits the district court to extend the time to appeal for an additional 30 days.

In the Motion, Plaintiff argues that excusable neglect or good cause exists because (1) her counsel erroneously calculated the deadline to file an appeal; (2) after seeking funds and

---

[1] Notice of Appeal, Docket No. 48, filed on July 28, 2017. Amended Notice of Appeal, Docket No. 51, filed July 28, 2017.

[2] Docket No. 47, filed on June 27, 2017. Memorandum Decision and Order, Docket No. 46, filed June 27, 2017.

[3] Notice of Appeal.

[4] Docket No. 56.

[5] Order of the Tenth Circuit Court of Appeals, Docket No. 57, filed August 30, 2017.

opinions on the merits of an appeal, she decided to proceed *in forma* pauperis ("IFP"); (3) the length of the delay was one day; and (4) "given the foregoing, it certainly cannot be said that Plaintiff is acting in bad faith."[6] Defendants responded that the neglect of Plaintiff and her counsel is not excusable because the fault for the untimely filing was within their control and they had the ability to timely perform their obligations.[7]

Because the late filing of Plaintiff's appeal was entirely within her control or control of her counsel, Plaintiff cannot establish excusable neglect or good cause for the untimely filing of her notice of appeal. Therefore, the time for the filing of the appeal must not be extended.

## DISCUSSION

Rule 4(b)(4) of the Federal Rules of Appellate Procedure provides that:

> Upon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Plaintiff offers the same support to show excusable neglect and good cause exist. Excusable neglect and good cause will be addressed in turn.

### Excusable Neglect

"[T]he determination whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"[8] "Such circumstances include '[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including

---

[6] Motion at 2-5.

[7] Defendants' Opposition to Motion for Extension of Time to File Notice of Appeal (Defendants' Opposition"), Docket No. 58, at 5-6, filed September 11, 2017..

[8] *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunsick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'"[9]

**Danger of prejudice to Defendants.** Plaintiffs argue that Defendants cannot be prejudiced by a one day delay in filing the Appeal.[10] In Defendants' Opposition, Defendants claim Plaintiff's delay resulted in additional attorneys' fees addressing the Motion as well as defending the appeal.[11] If Plaintiff's appeal is authorized, the attorneys' fees incurred by Defendant in defending the appeal appear to be slight.

**Length of delay.** The length of the delay and its potential impact on judicial proceedings is also slight. Rule 4(b)(4) permits a 30-day extension of the deadline for filing a notice of appeal.[12] Plaintiff filed an appeal on July 28, 2017, one day passed the deadline.[13] Defendants contend that although Plaintiff missed the deadline by only one day, Defendants notified Plaintiff of the error 12 days after the missed deadline and Plaintiff waited additional 18 days to file the Motion.[14] Defendants state that a court may take into account whether the attorney promptly corrected the error after discovering the mistake.[15] Because the delay was one day, the length of delay and impact on judicial proceedings would appear to be minimal.

**Reason for the delay.** "'[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.'"[16]

---

[9] *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

[10] Motion at 4.

[11] Opposition at 5.

[12] FED. R. APP. P. 4(b)(4).

[13] *Id.*

[14] Opposition at 5.

[15] *Id. See Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005).

[16] *Torres*, 372 F.3d at 1163 (quoting *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

Plaintiff's counsel states the reason for the delay was due to the fact she "erroneously calculated and set the deadline of July 28, 2017."[17] Additionally, Plaintiff's counsel argues the reason for the delay was due to Plaintiff seeking funds to hire an attorney to file her appeal, seeking differing opinions as to whether an appeal would be worthwhile, and Plaintiff's decision to proceed IFP.[18] In her Motion, Plaintiff contends filing IFP requires additional steps, including hand delivering documents to the court, which takes additional time and lead to her untimely appeal.[19]

The time to appeal should not be extended in the "absence of circumstances that are unique and extraordinary."[20] There is no dispute that requesting to proceed IFP requires additional steps than proceeding without such a request. However, Plaintiff did not offer reasons why requesting to proceed IFP was unique or extraordinary and could not be performed within the 30 day appeal period. Additionally, seeking additional legal opinions is typical, not extraordinary, and is expected to be completed within the 30 day appeal period.[21] Furthermore, nothing prevents Plaintiff from timely filing the notice of appeal and later dismissing the appeal after evaluating the merits of the appeal with additional counsel. The reasons Plaintiff states for the delay are neither unique or extraordinary and are within the reasonable control of the Plaintiff.

---

[17] Motion at 2.

[18] *Id*. at 4-5.

[19] *Id*. at 5.

[20] *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004), quoting *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir. 1974).

[21] *Bishop* at 1206.

**Good faith.** Plaintiff contends that she did not act in bad faith.[22] Defendants claim there is no evidence that Plaintiff acted in good or bad faith and thus this factor should be neutral.[23] Plaintiff claims because she did not act in bad faith, she must have acted in good faith, but she has provided no evidence to support that claim.

For the reasons stated above, Plaintiff has failed to show excusable neglect.

## Good Cause

Plaintiff argues good cause based on the same reasons set forth in her argument for excusable neglect. Plaintiff's counsel calendared the incorrect deadline, Plaintiff sought additional funds to hire an attorney, Plaintiff was seeking outside attorney opinions on the merit of the appeal, and her decision to proceed IFP. A finding that good causes exists is appropriate "in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[24] Plaintiff's counsel made a mistake in calculating the deadline and although unfortunate, had control to timely file Plaintiff's appeal. Additionally, Plaintiff had control to seek other attorneys' opinions on the merits and file IFP within the appeal deadline. Since there are no forces beyond the control of Plaintiff or Plaintiff's counsel that prevent them from timely filing an appeal, good cause has no applicability.

Plaintiff's Motion demonstrates neither good cause nor excusable neglect.

---

[22] Motion at 5.

[23] Opposition at 6.

[24] *Bishop*, quoting *Fed. R. App. P. (4)(a)(5)* advisory committee's note (2002 Amendments).

5

## ORDER

IT IS HEREBY ORDERED that because Plaintiff cannot establish excusable neglect or good cause for the untimely filing of her notice of appeal, the time for the filing of his appeal cannot be extended. For the reasons stated above, Plaintiff's Motion[25] is denied.

Signed this 13th day of November, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[25] [Docket No. 56](#), filed August 26, 2017.